IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-394-RGA |
| KENT COUNTY SUPERIOR COURT, DELAWARE, et al., | : |
| Defendants. | : |

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

# MEMORANDUM OPINION

October 3, 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action in March 2017 in the United States District Court for the Eastern District of Pennsylvania. The matter was transferred to this Court on April 10, 2017. (D.I. 4). Jones asserts jurisdiction by reason of a United States government defendant, a federal question, and diversity. The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

## BACKGROUND

The Amended Complaint alleges that the matters complained of occurred between February 10, 2017 through February 17, 2017, at Defendant Kent County Superior Court ("Superior Court") and at Defendant Dover Behavioral Health System ("DBH"). (D.I. 17 at 2). Plaintiff alleges that he was deprived of his right to trial, he was not allowed to attend his trial, and he was not allowed to speak or present evidence, all in violation of the Sixth Amendment. (*Id.*). In this regard, Plaintiff invokes

---

[1] The original complaint, brought solely against the Kent County Superior Court was dismissed as frivolous based upon the Superior Court's immunity from suit under the Eleventh Amendment and the Court found amendment futile. (*See* D.I. 6, 7). Plaintiff appealed. The Court of Appeals vacated the judgment and remanded for further proceedings. (D.I. 15). The court agreed the Superior Court was immune from suit, but it disagreed with the determination that amendment would necessarily be futile. (*Id.*). The appellate court stated, "If Jones can amend his complaint to add a proper defendant and provide specific details that will enable assessment of the claim it may survive dismissal." *Jones v. Kent Cty. Super Court, Del.*, 721 F. App'x 235, 237 (3d Cir. 2018). Plaintiff filed an amended complaint that reinstated Kent County Superior Court as a defendant and added Dover Behavioral Health System as a defendant. (D.I. 17). Like the original complaint, the Amended Complaint contains few details.

1

42 U.S.C. §§ 9501 and § 1985. (*Id.*). The date of the trial and its outcome are not provided.

Plaintiff alleges that he was forced to take medication, but the side effects were not discussed with him and he was not provided with literature that explained alternative options, in violation of 42 U.S.C. § 9501 1(C) i-vi. (*Id.*). Plaintiff alleges "attempted murder" because he was lethally dosed with medications for diseases that he does not have, in violation of 18 U.S.C. § 241. (*Id.* at 3). He alleges that before he left DBH he was given three large daily injections by staff who said that it "should kill [him]" in violation of 18 U.S.C. § 1113 and 1117. (*Id.*). He also alleges, "[W]hile there, [he] was tackled by a group of staff members and punched several times in the face," which resulted in injury, in violation of 18 U.S.C. § 7. (*Id.*).

Plaintiff alleges that his "condition was maliciously made. A known falsehood, schizophrenia. Symptoms of the disease were that [Plaintiff] 'delusionally' believe[s] that Linda C. Jones is not [Plaintiff's] birth mother," in violation of 18 U.S.C. § 1035. (*Id.* at 2). Plaintiff alleges that schizophrenia can be detected by a brain scan, but Defendants did not conduct a scan. (*Id.* at 3). Plaintiff alleges that "on his own," he paid to scan his brain for schizophrenia and other mental illness. (*Id.*). The results indicate that he has "a disease free and healthy brain." (*Id.*).

The Amended Complaint alleges that Defendants refused to release records of Plaintiff's stay, the hearing, or any of Plaintiff's legal or medical records, although the hospital released partial records after Plaintiff paid "hundreds of dollars" for them. (*Id.*). Possibly in response to the prior dismissal of the Superior Court as a defendant, Plaintiff alleges that the Eleventh Amendment does not apply because he and Defendants are

2

all legal residents of the State of Delaware. He seeks two billion dollars in damages. (*Id.* at 4).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be

inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process:  (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim.  *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).  Deciding

4

whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Immunity.** As discussed in the June 1, 2017 memorandum opinion and order the Superior Court is immune from suit. That ruling was affirmed by the Court of Appeals. It is the law of the case. The Amended Complaint reinstates the Superior Court as a defendant, but it is just as immune from suit now as it was before.

Therefore, the Court will dismiss the Superior Court as a defendant based upon its immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Naming as a defendant a party that has already been determined to be immune from suit is frivolous. Thus, the Superior Court is also dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Sixth Amendment**, 42 U.S.C. § 1983. Plaintiff alleges he was deprived of his right to trial in violation of the Sixth Amendment. He alleges that he was not allowed to attend his trial and was not allowed to speak or present evidence. The Amended Complaint does not provide the outcome of the trial. Nor does it indicate against whom the claim is directed.

To the extent the claim is raised pursuant to 42 U.S.C. § 1983, the claim fails as a matter of law. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

The Amended Complaint does not allege that the remaining defendant, DBH, is a state actor. The Court takes judicial notice that DBH is a private psychiatric facility

5

providing behavioral health care services to adults and adolescents. *See* http://www.uhsinc. com/ behavioral-health/ (Sept. 7, 2018); http://www/doverbehavioral. com/about-dover-behavioral-health/ (Sept. 7, 2018). To the extent Plaintiff intends to raise a § 1983 claim against DBH, it fails as a matter of law and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Conspiracy**, 42 U.S.C. § 1985. Plaintiff invokes 42 U.S.C. § 1985 when alleging violations of the Sixth Amendment. The Amended Complaint does not indicate under which paragraph (1), (2), or (3), the alleged violation occurred. Paragraph (1) (preventing officer from performing duties) is inapplicable. Therefore, the Court turns to Paragraphs (2) and (3).

To state a claim pursuant to 42 U.S.C. §§ 1985(2) and (3), Plaintiff must allege that racial, or otherwise class-based, invidiously discriminatory animus lay behind Defendants' actions. *Parrott v. Abramsen*, 200 F. App'x 163, 166 (3d Cir. 2006) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993); *D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992); *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir.1986)). In addition, the Amended Complaint must set forth facts from which a conspiratorial agreement between the defendants can be inferred. *Parrott v. Abramsen*, 200 F. App'x at 166 (citing *Forbes v. Reno*, 893 F. Supp. 476, 483 (W.D. Pa. 1995), *aff'd*, 91 F.3d 123 (3d Cir. 1996) (table)). The Amended Complaint meets neither requirement and, therefore, fails to state a claim under § 1985. The claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Federal Criminal Statutes**. The Amended Complaint refers to several federal criminal statutes including 18 U.S.C. §§ 7, 241, 1113, 1117, and 1035. To the extent

6

that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Therefore, the criminal claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Mental Health Bill of Rights**, 42 U.S.C. § 9501. Finally, the Amended Complaint appears to allege violations of the Mental Health Bill of Rights as it invokes various sections of § 9501. For example, Plaintiff alleges there were no discussions of the side effects of medication given him, and he was not provided with literature explaining alternative medical options.

Numerous courts have determined that the Mental Health Bill of Rights, 42 U.S.C. § 9501, does not create a private right of action. *See, e.g., N.A.M.I. v. Essex Cty. Bd. of Freeholders*, 91 F. Supp. 2d 781, 786 (D.N.J. 2000) ("the Restatement of Bill of Rights for Mental Health Patients does not create any judicially enforceable rights or duties"); *see also Merryfield v. Schearrer*, 2008 WL 4427656, at *6 (D. Kan. Sept. 25, 2008); *Semler v. Finch*, 2008 WL 4151825, at *9 (D. Minn. Sept. 3, 2008), *aff'd*, 333 F. App'x 156 (8th Cir. 2009); *Benge v. Pounds*, 2008 WL 384567 at *3 (D. Colo., Feb. 7, 2008) ("Nothing in the language of the statute indicates an intent by Congress that the 'Restatement of Bill of Rights for Mental Health Patients' should create a private cause

7

of action."); *Green v. Lichtcsien*, 2001 WL 78915, *3 (N.D. Ill. Jan. 26, 2001). The Court follows this line of reasoning.

Because there is no private right of action under § 9501, the claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**State Law Claims**. Plaintiff does not assert any state law claims, although some of the allegations might make out such claims, i.e., assault, medical malpractice, or negligence. Plaintiff asserts diversity jurisdiction while at the same time alleging that all parties are "legal residents of the state of Delaware." (*Id.* at 4). There is thus no factual basis for diversity jurisdiction, and the only way any state law claims would be viable would if I were to exercise supplemental jurisdiction. Since all federal claims are being dismissed, and the case is in its infancy, I exercise my discretion to decline to hear any state law claims.

**Motion for Default Judgment**. Plaintiff moves for default judgment. (D.I. 20). He contends default judgment is proper because Defendants were served on July 6, 2018. Defendants have not answered or otherwise appeared.

Defendants were not properly served as is evident from the summonses returned to the court. (*See* D.I. 18, 19). They were not issued by the Clerk of Court. (*Id.*). In addition, there has been no entry of default.

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R.

Civ. P. 55(a). Here, there has been no entry of default. Therefore, the Court will deny the motion for default judgment. (D.I. 20).

**CONCLUSION**

For the above reasons, the Court will: (1) deny the motion for default judgment (D.I. 20); and (2) dismiss the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii). Since it appears that it is not necessarily futile to permit Plaintiff another opportunity to amend, as he may be able to articulate a claim against a proper defendant, he will be given one final opportunity to amend his pleading.

An appropriate order will be entered.