IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-394-RGA |
| DOVER BEHAVIORAL HEALTH SYSTEM, et al., | : |
| Defendants. | : |

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 12, 2018
Wilmington, Delaware

![signature]

**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis,* filed this action in March 2017 in the United States District Court for the Eastern District of Pennsylvania. The matter was transferred to this Court on April 10, 2017. (D.I. 4). The Court screened the Amended Complaint, dismissed it, and gave Jones leave to amend. A Second Amended Complaint was filed on October 11, 2018 asserting jurisdiction by reason of a federal question and federal diversity. (D.I. 23). The Court now proceeds to screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

## BACKGROUND

The Second Amended Complaint alleges the matters complained of occurred between February 10, 2017 through February 22, 2017 and is raised against Defendants Dover Behavioral Health System and Dr. A.M. Shah (who is not mentioned in the Second Amended Complaint other than naming him as a party).[2] On January

---

[1] The original complaint, brought solely against the Kent County Superior Court was dismissed as frivolous based upon the Superior Court's immunity from suit under the Eleventh Amendment and the Court found amendment futile. (*See* D.I. 6, 7). Plaintiff appealed. The United States Court of Appeals for the Third Circuit vacated the judgment and remanded for further proceedings. (D.I. 15). The appellate court agreed the Superior Court was immune from suit; it disagreed with the determination that amendment would necessarily be futile. (*Id.*). The appellate court stated, "[i]f Jones can amend his complaint to add a proper defendant and provide specific details that will enable assessment of the claim it may survive dismissal." *Jones v. Kent Cty. Superior Court, Del.*, 721 F. App'x 235, 237 (3d Cir. 2018). The Amended Complaint reinstated Kent County Superior Court as a defendant and added Dover Behavioral Health as a defendant. (D.I. 17). I treat it as having been superseded by the Second Amended Complaint, which does not name Kent County Superior Court as a defendant.

[2] As noted, Kent County Superior Court is not named as a Defendant in the Second Amended Complaint. While it was not terminated as a Defendant on the Court

1

31, 2017, Plaintiff's mother called Recovery Innovations and the Delaware State Police to take Plaintiff for a psych evaluation. (D.I. 23 at 3). Plaintiff alleges that he was arrested and held at Nanticoke Hospital for over twelve hours. (*Id.* at 4). He was transported to Recovery Innovations after his hold at Nanticoke expired. (*Id.*). There, Jones was diagnosed with schizophrenia. (*Id.*). Jones was held at Recovery Innovations for almost 24 hours and transferred to Dover Behavioral Health. (*Id.*). Jones alleges he was involuntarily held there under February 22, 2017. (*Id.*).

Jones alleges that two hearings were held at the Kent County Superior Court while he was at Dover Behavioral Health, that he was unable to attend the hearings, and that they were therefore held with him in absentia. (*Id.*). The hearings found Jones "under Court Order to continue treatment for Schizophrenia, take medications and see a Psychiatrist." (*Id.*) Jones states, "There are no Doctors or Court Personnel locally. All are represented by Identity Thieves who normally do not age. Many have shabby, unbelievable names." (*Id.*).

Claim I alleges violations of 18 U.S.C. § 1035 (false statements relating to health care matters), and Claim II alleges violations of 18 U.S.C. § 7 (assaults). (*Id.* at 6). The Second Amended Complaint also contains a litany of other federal criminal statutes referred to as "Crimes, Counts, Titles, Laws, Broke, Cited." (*Id.* at 7-9). In other words, all claims are raised under federal criminal statutes. Jones seeks two billion dollars in damages. (*Id.* at 10).

---

docket sheet, it was dismissed as immune from suit on October 3, 2018. (*See* D.I. 21, 22).

**LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent

3

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

4

## DISCUSSION

All claims in the Second Amended Complaint are raised under federal criminal statutes. To the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Therefore, the Second Amended Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court notes there is not a shred of an allegation as to why Dr. Shah was named as a defendant.

The Court also notes that this is not the first time Plaintiff has sued Dover Behavioral Health System. *See Jones v. Mirza*, No. 15-1017 (D. Del. Jan. 10, 2017), D.I. 89, 90 (dismissing case), *appeal dismissed as frivolous*, No. 17-1201 (3d Cir. Apr. 13, 2017). The only allegation against Dover Behavioral Health in this case is that he was held there after being involuntarily committed by Court Order. Interpreting the Second Amended Complaint liberally, perhaps it means to allege that Dover Behavioral Health System personnel were involved in the schizophrenia diagnosis. Assuming this was some sort of malpractice, it would not be the basis for a federal lawsuit, as there would be no diversity jurisdiction.

5

Plaintiff has had an opportunity to correct his pleading deficiencies, to no avail. See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court finds amendment futile.

## CONCLUSION

For the above reasons, the Court will dismiss the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate order will be entered.